UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE STEINMETZ,<br><br>                Plaintiff,<br><br>- v -<br><br>HOUGHTON MIFFLIN HARCOURT<br>PUBLISHING COMPANY,<br><br>                Defendant. | Civil Action No. 14-01937-MMB |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY TO THE COMPLAINT

Defendant Houghton Mifflin Harcourt Publishing Company ("HMH") by and through its attorneys, answer the Complaint, filed April 2, 2014 (Docket No. 1; the "Complaint") as follows:

With regard to the unnumbered paragraph immediately preceding the bold heading on page 1 of the Complaint, HMH admits that Plaintiff has brought this action alleging copyright infringement and denies the remainder of the paragraph.

### PARTIES

1.      HMH admits that Steinmetz has licensed photographs to HMH and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint.

2.      HMH denies the allegations in paragraph 2 of the Complaint, except HMH admits that it is a textbook publisher with a primary office in Boston, Massachusetts. HMH admits it sells and distributes textbooks in Pennsylvania and the United States.

### JURISDICTION

3.      HMH admits that Plaintiff purports to bring this action under the copyright laws of the United States. HMH avers that the remaining allegations of paragraph 3 of the Complaint

are Plaintiff's legal conclusions to which no answer is required. To the extent those allegations are deemed to be factual allegations, they are denied.

## VENUE

4. HMH avers that the allegations in paragraph 4 of the Complaint are Plaintiff's legal conclusions to which no answer is required. To the extent that paragraph 4 is deemed to contain factual allegations, they are denied.

## FACTS COMMON TO ALL COUNTS

5. HMH is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. HMH is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. HMH admits only that Steinmetz licensed HMH to use images in HMH's publications. HMH denies any suggestion from reference to Exhibit 1 that the language in Steinmetz's invoices to HMH control the parameters for HMH's use of Steinmetz's images. Further, HMH denies all remaining averments in paragraph 7.

8. HMH denies the allegations in paragraph 8.

9. HMH is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. HMH denies the allegations in paragraph 10.

11. HMH denies the allegations in paragraph 11.

12. HMH denies the allegations in paragraph 12.

13.     HMH admits that information regarding its sales and other proprietary publication information is confidential and not publicly available. HMH denies the remaining allegations in paragraph 13.

14.     HMH denies the allegations in paragraph 14.

15.     HMH admits that it was a party in the litigation titled *Wood v. HMH* and that the court issued a decision at 589 F. Supp. 2d 1230 (D. Colo. 2008). The identified court opinion is a written document which speaks for itself and HMH denies Steinmetz's attempt to characterize portions thereof. HMH further denies all other allegations in paragraph 15 and its subparts.

16.     HMH admits that on or after November 1, 2013, it received the letter attached as Exhibit 2 to the Complaint. That letter is a written document which speaks for itself and HMH denies Steinmetz's attempt to characterize the contents thereof. HMH further denies all other allegations in paragraph 16.

17.     HMH denies the allegations in paragraph 17.

18.     HMH admits the allegations in paragraph 18 to the extent they accurately identify cases filed against HMH. HMH denies all other allegations in paragraph 18.

19.     HMH denies the allegations in paragraph 19 and its subparts.

20.     HMH avers that the allegations in paragraph 20 of the Complaint are Plaintiff's legal conclusions to which no answer is required. To the extent that paragraph 20 is deemed to contain factual allegations, they are denied.

21.     HMH denies the allegations in paragraph 21.

22.     Paragraph 22 does not assert an allegation that requires a response. To the extent that paragraph 22 is deemed to assert an allegation requiring a response, HMH denies all allegations in paragraph 22.

## COUNT I

## COPYRIGHT INFRINGEMENT

23. HMH incorporates by reference each and every response to paragraphs 1-22.

24. HMH denies the allegations in paragraph 24.

25. HMH denies the allegations in paragraph 25.

## PLAINTIFF'S PRAYER FOR RELIEF

HMH denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

HMH denies all allegations in the Complaint that are not expressly admitted in this answer. To the extent the headings in the Complaint require a specific response, they are denied.

## AFFIRMATIVE DEFENSES

HMH asserts the following affirmative defenses. By asserting the following affirmative defenses, HMH does not allege or admit that it has the burden of proof and/or persuasion with respect to any of them.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against HMH upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations and the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed or transferred based on improper and/or inconvenient venue.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff lacks standing to bring all or some of the claims asserted in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it does not own validly registered copyrights in the photographs at issue.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of de minimis use.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by contract or implied contract.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by license or implied license.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the defense of payment.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because adequate remedies are available at law, and traditional equitable factors preclude injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

HMH presently lacks sufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses. Accordingly, HMH hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings or through investigation and discovery in this case, and HMH further hereby reserves its rights to assert such defenses through amendment of this pleading.

WHEREFORE, HMH respectfully requests judgment granting the following relief:

I. Dismissing the Complaint against HMH with prejudice;

II. Awarding HMH the costs of defending this action, including attorneys' fees, costs and disbursements; and

III. Granting HMH such other and further relief as this Court may deem just and necessary.

Dated: June 5, 2014

Respectfully submitted,

/s/ Robert R. Baron, Jr.
Robert R. Baron, Jr.
Corinne Militello
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
(215) 665-8500
baron@ballardspahr.com
militelloc@ballardspahr.com

*Counsel for Defendant*
*Houghton Mifflin Harcourt Publishing Company*

*Of Counsel:*

Steven F. Napolitano
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-2187
steven.napolitano@skadden.com

David R. Pehlke
Emily A. Reitmeier
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 West Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 407-0442
david.pehlke@skadden.com
emily.reitmeier@skadden.com

## **CERTIFICATE OF SERVICE**

I, Corinne Militello, hereby certify that the foregoing Answer and Affirmative Defenses of Defendant Houghton Mifflin Harcourt Publishing Company to the Complaint has been served via a court-generated ECF e-mail notice, or by the method specified below, upon all attorneys entered in the above-captioned case:

>Maurice Harmon
>Harmon & Seidman, LLC
>11 Chestnut Street
>New Hope, PA 18938
>(917) 561-4434
>maurice@harmonseidman.com

Dated: June 5, 2014                        /s/ Corinne Militello
                                           Corinne Militello