IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GEORGE R. STEINMETZ<br><br>v.<br><br>HOUGHTON MIFFLIN HARCOURT PUBLISHING CO. | CIVIL ACTION<br><br>NO. 14-1937 |
|---|---|

MEMORANDUM AND ORDER RE: DISCOVERY
OF SETTLEMENTS OF OTHER CASES

**Baylson, J.**                                                                                                    **December 11, 2014**

      The discovery issue presented is whether documents relating to settlements by defendant of unrelated claims asserted against it for copyright infringement should be discoverable in this case. Plaintiff is a photographer who instituted this suit alleging that defendant has "overused" his photographs in its textbooks, in excess of any contractual or licensed amounts, and therefore defendant owes royalties to plaintiff. This is one of a number of similar lawsuits pending throughout district courts in the United States.[1]

      Plaintiff contends that he is entitled to broad discovery of other claims where "overuse" was alleged even if it resulted in confidential settlement agreements by Houghton Mifflin with third parties. Plaintiff contends these claims, and any settlements, are probative to show defendant's knowledge of overuse in a number of other cases which would have warranted defendant to adopt and enforce a corporate policy against overuse; the fact of many continuing claims and their settlement is evidence that the defendant failed to do so; and, therefore, that its infringement was "willful."

---

[1] The undersigned recently completed a trial of such a claim, *see Grant Heilman v. McGraw Hill*, Civil Action No. 12-2061.

Defendant, in opposition to plaintiff's request, argues the discovery is burdensome and that settlement documents in unrelated claims are inadmissible at trial under Federal Rule of Evidence 408.[2] Settlements of other claims would be of minimal, if any, relevance on any issues in this case and, most importantly, to order discovery of confidential settlement agreements in another case would be contrary to the public policy of encouraging settlements.

The Court held a hearing on discovery disputes, pending in plaintiff's Motion to Compel (ECF 21), including this issue, on December 3, 2014. The Court has asked the parties for further information on most of the issues. Plaintiff's request for discovery into the settlement of unrelated litigation will be allowed, but only in limited instances.

As a general approach concerning discovery, I have previously articulated the use of a "fence" metaphor as appropriate in many cases to describe the boundaries of appropriate discovery. See Boeynaems v. LA Fitness Int'l, LLC, 285 F.R.D. 331, 333 (E.D. Pa. 2012). In this case, there already has been a large amount of discovery, and some disputes linger. However, I believe that the construction of a reasonable fence around the subject matter of settlement of other claims can be adjudicated based on the briefing and arguments so far, together with prior decisions which my Chambers have located that were not cited by either party.

One fallacy in plaintiff's argument is that the fact of a settlement only indicates that a claim was made, not necessarily that the claim had any merit. All parties in litigation frequently settle claims not because of any endorsement of merit or lack of merit of a particular claim, but for other factors including the risks and expenses of litigation, a party's policies towards settlement of litigation, and the confidentiality assured by a settlement as opposed to the public

---

[2] The Court does not now decide whether FRE 408 only applies to settlement offers and/or agreements in the case before the Court, or extends more broadly. Under FRE 404(b), the existence of settlement agreements in other

2

availability of evidence that attaches to any court proceeding. Further, there is no necessary connection between the fact that a claim has been made, and the fact that it has been settled, as necessarily "connecting the dots" between those individuals within a publishing company who make decisions concerning the use of photographs, and those employees involved in the settlement of litigation. Indeed, I doubt that defendant's production of the settlement agreements and/or related correspondence would necessarily show that there is such a connection, but may only open the door for endless depositions, speculation, and disputes unrelated to the merits of plaintiff's claims in this case. However, the fact that prior claims of "overuse" have been made against defendant may tend to show defendant was "on notice" of the practice and that continuing "overuse" was "willful."

Defendant has cited at least one prior case which refused discovery of prior settlements with unrelated parties in copyright cases. In Collister Alley Music, Inc. v. Warner Bros. Records Inc., the Court initially stated "settlement agreements are discoverable" and noted that "the infringement alleged in that [prior] action, if proven by admissible evidence, may be relevant to show intent." No. 96-cv-1762, 1997 WL 198081, at *1 (S.D.N.Y. Apr. 22, 1997). However, the court sustained the defendant's objections to the plaintiffs' request for settlement papers because "Rule 408 of the Federal Rules of Evidence clearly provides that the settlement agreement itself is not proof that the infringement alleged in [the prior case] did in fact occur." Id.[3]

By contrast, some cases support plaintiff. In a case involving photo copyright infringement by a textbook publisher, a different judge of the same Court concluded that

---

claims may be relevant, as plaintiff contends, on the issue of willful infringement, *i.e.*, intent.

[3] Defendant also cites to Bridgeport Music, Inc. v. Justin Combs Pub., but that decision is distinguishable because the defendants in that case sought to introduce evidence of their own settlement offers to plaintiffs in the same case to show that the defendants had not acted reprehensibly. 507 F.3d 470, 480-81 (6th Cir. 2007). Here, it is the plaintiff who seeks to discover evidence of defendant's prior settlements with other parties in order to show that defendant was a willful infringer and was on notice that there were problems with defendant's licensing procedures.

"[s]ettlement of similar claims has consistently been found to be evidence of willfulness in copyright infringement actions." Wu v. Pearson Educ. Inc., No. 09-cv-6557, 2012 WL 1232958, at *1 (S.D.N.Y. Apr. 12, 2012) (collecting cases). As a result, that court held that "documents sought by the plaintiff that reflect the final settlement of overrun claims are discoverable. So, too, are documents that show the date on which such claims were initiated, since the duration of Pearson's awareness of the overrun issue is pertinent to willfulness." Id.

As referenced in Wu and further elaborated below, some courts have allowed discovery and/or evidence of prior settlements to support a finding that copyright violations were willful. Twin Peaks Prods., Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1382 (2d Cir. 1993) (upholding district court's finding of willful infringement based on filed lawsuits where "[m]uch of the evidence of willfulness took the form of disputed accounts of the resolution of previous copyright suits involving [defendant] PIL."); Stevens v. Aeonian Press, Inc., No. 00-cv-6330, 2002 WL 31387224, at *3 (S.D.N.Y. Oct. 23, 2002) (finding willful infringement based on evidence that included "records of other lawsuits filed against Defendants for similar activities, and a settlement entered into with respect to one such action"); Walt Disney Co. v. Best, No. 88-cv-1595, 1990 WL 144209, at *2 (S.D.N.Y. Sept. 26, 1990) ("Shortly after agreeing to settle an earlier suit based on its sales of unauthorized and counterfeit watches, [defendant] WTD was found to be selling unauthorized and counterfeit Mickey Mouse telephones. Defendant's past infringement is a strong indication that it was familiar with the law and willfully violated it."); Delman Fabrics Inc. v. Holland Fabrics Inc., No. 84-cv-2512, 1985 WL 2571, at *6 (S.D.N.Y. Sept. 19, 1985) (concluding that defendant was "a notorious recidivist in the infringement of fabric designs" and finding that he willfully infringed based in part on evidence of "thirteen copyright infringement actions against [defendant] or corporations controlled by him since 1976.

4

Each was settled or resulted in a judgment for plaintiffs."); Lauratex Textile Corp. v. Allton Knitting Mills Inc., 519 F. Supp. 730, 733 (S.D.N.Y. 1981) (finding willful infringement in part because "plaintiff presented at trial docket sheets in six copyright infringement cases brought within the last three years against [defendant] Levine. Four of these cases have been settled. This provides one more indication that the business of encroaching upon others' copyrights is not unfamiliar to the defendant."); Lauratex Textile Corp. v. Allton Knitting Mills Inc., 517 F. Supp. 900, 903 (S.D.N.Y. 1981) (finding a willful copyright infringement where defendant had been sued for infringement "ten times (including this action) in the last five years" and "[f]ive of those actions were settled, two are still pending and two resulted in judgments in favor of the plaintiffs").

Only a few of these cases support plaintiff's very broad request, not only seeking settlement agreements with third parties, but also the underlying correspondence and internal memoranda, perhaps to be followed, if plaintiff has his way, with depositions inquiring into the detailed negotiation of the settlement of these unrelated claims.

I find that the fact that claims have been filed alleging overuse is probative showing defendant was "on notice" and more probative than the fact that claims were settled. Considering the nature of this case, the various precedents cited above, and the arguments, I will adopt a more nuanced approach to this issue, that approaches a fair solution, and which will allow plaintiff to secure evidence which is more likely, but not necessarily, to be admissible, but will not subject defendant to a very burdensome search. Thus, I will describe the discovery inside and outside of my "invisible fence" of relevant discovery as follows:

1. Both parties may have discovery of other litigation in which these parties have been engaged. Plaintiff may discover facts about actually filed claims against defendant by other

5

photographers which include claims of overuse. The defendant will be required to "identify" those claims by the names of the parties, and the Court and case number, and then plaintiff can secure the docket and similar pleadings.[4]

    2.    As to these filed claims, the Court will also allow reasonable questions at a deposition of defendant's managers, who were involved in determining the amount of production runs for a particular book containing plaintiff's photographs, as to whether those individuals also had knowledge that prior overuse claims had been made and/or had been settled, without disclosure of the terms of any settlement.

    3.    The broader discovery requested by plaintiff about the settlement of unfiled claims by defendant is unduly burdensome and expensive for the defendant, and will not necessarily lead to evidence that is sufficiently specific to allow the jury to draw any inferences of willful infringement. Defendant will not be required to search its files for non-filed claims, or produce settlement agreements of those claims. These claims are "outside the fence."

    4.    Plaintiff may conduct his own investigation and/or discovery of third parties who have been in business relationships with defendant and have knowledge of overuse claims, for payment for overuse, and defendant's conduct in response to those claims.

    Plaintiff now has several options to pursue evidence of "willfulness." A possible dispute exists whether this evidence should be admissible, which may depend on the nature of the evidence of the claim, the frequency of the claims, etc. The jury will determine whether this evidence is sufficient to warrant a finding of willful infringement.

---

[4] If for some reason these publicly filed pleadings are not available to plaintiff from the court where they were filed, the Court will consider requiring defendant to produce them, but the search and production costs may be allocated to the plaintiff.

This balancing of the issue not only reflects the general approach of several other courts, but also places this discovery in a proper context leading to a fair presentation of admissible evidence at trial.

In considering the abundance of discovery that has already taken place in this case as expressed at the hearing on December 3, 2014, the questionable admissibility of some of the sought-after discovery, and the public policy factors, it is hereby **ORDERED** that plaintiff's request for discovery of settlement agreements and/or related correspondence is **GRANTED** in part and **DENIED** in part**.**

> **BY THE COURT:**
>
> **/s/ Michael M. Baylson**
> _____
> **MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 14\14-1937 steinmetz v. houghton\14cv1937.121014.memo.discovery.doc